UNITED STATES COURT OF INTERNATIONAL TRADE

United States

*Plaintiff,*

v.

Ct. No. 23-000116

Zhe "John" Liu and
Ab Ma Distribution Corp,

*Defendants.*

Answer

Pursuant to Rule 7(a)(2) of the Rules of the U.S. Court of International Trade, Defendant Zhe "John" Liu hereby provides its answer to the complaint in this matter.

As stated in this answer the Defendant Liu notes that he is not related, in any fashion, to the other defendant Ab Ma Corporation and this answer is only that of Liu.

1. Liu admits that this is an action to enforce monetary civil penalties. As Liu is not the importer of record, nor otherwise facilitated the import, Liu lacks knowledge or information sufficient to form a belief about the truth of the allegation as to whether the steel hangers in question were produced in the People's Republic of China, were transshipped through India and Thailand and were transshipped to avoid the payment of antidumping duties. Mr. Liu also denies that he misclassified or caused the

misclassification of steel wire hangers, and denies that he made, or caused to be made, false statements that allowed Ab Ma to avoid paying duties lawfully owed to the United States. Finally, Liu asserts that his ability to answer this complaint has been hampered by the U.S. Department of Justice's seizure of his records.

2.  Liu admits that the U.S. Court of International Trade has exclusive jurisdiction.

3.  Liu admits that he is a Florida resident who resided at 1448 Holts Grove Circle, Winter Park, Florida at the time of the purported conduct. Liu denies that he operated, directed, was an agent of, and handled the importation of merchandise by defendant Ab Ma Corp. The conduct of companies not involved in the importation of wire hangers from Thailand and India is not relevant to this case, and Liu, therefore, neither admits nor denies the remainder of this allegation.

4.  Liu asserts that his ability to answer this complaint has been hampered by the U.S. Department of Justice's seizure of his records. As he does not have access to such records, he does not have sufficient information to admit or deny this allegation.

5.  Liu asserts that his ability to answer this complaint has been hampered by the U.S. Department of Justice's seizure of his records. As he does not

have access to such records, he does not have sufficient information to admit or deny this allegation.

6. Liu asserts that his ability to answer this complaint has been hampered by the U.S. Department of Justice's seizure of his records.  As he does not have access to such records, he does not have sufficient information to admit or deny this allegation.

7. Liu does not own or control GL Paper.  Liu asserts that his ability to answer this complaint has been hampered by the U.S. Department of Justice's seizure of his records.  As he does not have access to such records, he does not have sufficient information to admit or deny the remainder of this allegation.

8. Liu does not own or control AB MA.  Liu asserts that his ability to answer this complaint has been hampered by the U.S. Department of Justice's seizure of his records.  As he does not have access to such records, he does not have sufficient information to admit or deny the remainder of this allegation.

9. Liu asserts that his ability to answer this complaint has been hampered by the U.S. Department of Justice's seizure of his records.  As he does not have access to such records, he does not have sufficient information to admit or deny the remainder of this allegation. Liu objects to this paragraph

as being immaterial and has moved to strike this paragraph under 12(f). Liu, therefore, neither admits nor denies this allegation.

10. Liu asserts that his ability to answer this complaint has been hampered by the U.S. Department of Justice's seizure of his records.  As he does not have access to such records, he does not have sufficient information to admit or deny the remainder of this allegation.

11. Liu admits that a wire hanger manufacturer in Alabama filed a petition with the U.S. International Trade Commission alleging a number of issues. Accordingly, Liu lacks knowledge or information sufficient to form a belief about the truth of this allegations in the petition.

12. Liu admits that a decision was issued by the U.S. International Trade Commission.

13. Liu admits that the U.S. Department of Commerce announced its final determination.

14. Liu asserts that his ability to answer this complaint has been hampered by the U.S. Department of Justice's seizure of his records.  As he does not have access to such records, he does not have sufficient information to admit or deny the remainder of this allegation.

15. Liu asserts that his ability to answer this complaint has been hampered by the U.S. Department of Justice's seizure of his records.  As he does not

have access to such records, he does not have sufficient information to admit or deny the remainder of this allegation.

16. Liu asserts that his ability to answer this complaint has been hampered by the U.S. Department of Justice's seizure of his records.  As he does not have access to such records, he does not have sufficient information to admit or deny the remainder of this allegation.

17. Liu asserts that his ability to answer this complaint has been hampered by the U.S. Department of Justice's seizure of his records.  As he does not have access to such records, he does not have sufficient information to admit or deny the remainder of this allegation.

18. Liu denies that he owns or controls GL Paper. Liu asserts that his ability to answer this complaint has been hampered by the U.S. Department of Justice's seizure of his records.  As he does not have access to such records, he does not have sufficient information to admit or deny the remainder of this allegation.

19. Liu asserts that his ability to answer this complaint has been hampered by the U.S. Department of Justice's seizure of his records.  As he does not have access to such records, he does not have sufficient information to admit or deny the remainder of this allegation..

20. Liu asserts that his ability to answer this complaint has been hampered by the U.S. Department of Justice's seizure of his records.  As he does not have access to such records, he does not have sufficient information to admit or deny the remainder of this allegation.

21.  Liu denies that he owns or controls AB MA. Liu asserts that his ability to answer this complaint has been hampered by the U.S. Department of Justice's seizure of his records.  As he does not have access to such records, he does not have sufficient information to admit or deny the remainder of this allegation.

22. Liu asserts that his ability to answer this complaint has been hampered by the U.S. Department of Justice's seizure of his records.  As he does not have access to such records, he does not have sufficient information to admit or deny the remainder of this allegation.

23. Liu admits that CBP issued a pre-penalty notice to Liu at a culpability level of negligence.  Ab Ma was listed in the pre-penalty notice, but Liu has no knowledge that such notice was, in fact, issued to Ab Ma. Accordingly, Liu lacks knowledge or information sufficient to form a belief about the truth of the allegation.

24. Liu has no knowledge as to whether Ab Ma responded to the pre-penalty notice or whether CBP received such response.   Accordingly, Liu lacks

knowledge or information sufficient to form a belief about the truth of the allegation.

25. Liu admits that CBP issued a penalty notice to Liu at a culpability level of negligence in the amount of $3,922,350.85.  Ab Ma was listed in the penalty notice, but Liu has no knowledge that such notice was, in fact, issued to Ab Ma.   Accordingly, Liu lacks knowledge or information sufficient to form a belief about the truth of the allegation.

26. Liu is not in privity with Ab Ma and does not know whether it responded to the penalty and pre-penalty notices.  Liu admits that it filed petitions and supplemental petitions.  Liu has no knowledge as to whether CBP has exhausted all administrative remedies with respect to Ab Ma.

27. This is a statement by the United States. No response required.

28. Liu is not in privity with Ab Ma and thus lacks sufficient knowledge to form a belief about the truth of the allegation.

29. Liu is not in privity with Ab Ma and thus lacks sufficient knowledge to form a belief about the truth of the allegation.

30. This is a statement by the United States. No response is required.

31. Liu affirmatively states that 19 U.S.C. 1592(a)(1(A) & (B) imposes the burden of reasonable care on specific classes of individuals and that Liu

does not fall within any of these classes.  Accordingly, Liu denies that he failed to engage in reasonable care.

32.  Liu denies that the allegation that he is liable for a penalty.

Liu affirmatively states that 19 U.S.C. 1592(a)(1(A) & (B) imposes the burden of reasonable care on specific classes of individuals and that Liu does not fall within any of these classes. Pursuant to Rule 8(d)(1) Liu claims that the complaint fails to state a claim for which relief may be granted.  Specifically, the sole claim is that Liu failed to exercise reasonable care, however, 19 U.S.C. 1592(a)(1(A) & (B) only imposes the burden on reasonable care on a limited subset of individuals.  Liu is not one of these limited subset.

Accordingly, by means of this answer, the United States is placed on notice as to such affirmative defense, and such defense will be fully enumerated in a motion to dismiss at the appropriate time.

Respectfully Submitted,

/s/   David J. Craven

David J. Craven

Craven Trade Law LLC
3744 N Ashland Avenue
Chicago, IL 606013
(773) 245-4010

Counsel to Zhe "John" Liu

Dated:  November 17, 2023

8